UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**US CLAIMS OPCO, LLC**,
d/b/a **US CLAIMS**,

    Petitioner,

Case No.: 3:17-cv-000060-HLA-PDB

v.

**CHRISTOPHER M. CHESTNUT,**
**THE CHESTNUT FIRM, LLC**,

    Respondents.
_____/

## AMENDED PETITION TO CONFIRM ARBITRATION AWARD, FOR ENTER FINAL JUDGMENT, AND FOR RELATED RELIEF

Pursuant to 9 U.S.C. § 9, Petitioner, US Claims OPCO, LLC ("**Petitioner**" or "**US Claims**"), sues Respondents, Christopher M. Chestnut ("**Mr. Chestnut**") and The Chestnut Firm, LLC (the "**Firm**") (collectively, "**Respondents**"), and requests the following relief: (i) an order confirming the Arbitration Award entered in the Arbitration between the Parties, The Dispute Resolution Institute Case No. 16-1219 (the "**Arbitration**"); (ii) an order requiring Respondents to execute a closing statement releasing the funds in dispute; (iii) an award of attorneys' fees, expenses, and costs incurred in connection with the Arbitration and in this action; and (iv) a final judgment in favor of US Claims and against Respondents. In support of the requested relief, US Claims states the following:

### INTRODUCTION

1. This is an action to confirm an arbitration award against Anthony Acosta and in favor of US Claims and for related relief.

2. The Arbitration was held between the Parties on October 5, 2016 in Philadelphia, Pennsylvania before The Dispute Resolution Institute (the "**Arbitration Hearing**").

3. On or about October 6, 2016, the Arbitrator entered Mixed Findings of Fact and Conclusions of Law and an Arbitration Award.

4. The Arbitration Award was entered in favor of US Claims and against Respondents in the amount of $94,611.40 (the "**Arbitration Award**").

5. US Claims now seeks an order confirming the Arbitration Award.

## PARTIES

6. Petitioner, US Claims OPCO, LLC ("**US Claims**"), is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Moorestown, New Jersey.

7. Respondent, Christopher M. Chestnut ("**Mr. Chestnut**"), is an individual residing in Jacksonville, Florida. When Mr. Chestnut established his relationship with Petitioner, he resided in Gainesville, Florida.

8. Respondent, The Chestnut Firm, LLC (the "**Chestnut Firm**"), is a Florida Limited Liability Company with its principal address and principal place of business in Atlanta, Georgia. When the Chestnut Firm established its business relationship with Petitioner, its address and principal place of business was in Gainesville, Florida.

## JURISDICTION & VENUE

9. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), as US Claims is a Delaware limited liability company with its principal place of business in the State of New Jersey.

10. Respondents are citizens of the State of Florida.

11. The amount of the Arbitration Award exceeds $75,000.00.

12. Additionally, the Court has jurisdiction pursuant to 9 U.S.C. § 9 as the Parties agreed that the Arbitration Award may be enforced any district court that has personal jurisdiction over the Parties.

13. Venue is proper because the cause of action accrued in the Northern District of Florida.

## ARBITRATION & AWARD

14. On or about October 26, 2012, pursuant to a purchase agreement (the "**Purchase Agreement**"), Linda Jo Washington sold to Petitioner an interest in the anticipated proceeds of her negligence claim arising out of an occurrence on October 22, 2012 (the "**Negligence Claim**").

15. On or about October 26, 2012, Linda Jo Washington signed an irrevocable Authorization directing her attorney, among other things, to pay Petitioner at the time of distribution of the proceeds of the Negligence Claim.

16. On or about October 26, 2012, Mr. Chestnut signed an Acknowledgement of Authorization that the Chestnut Firm represented Linda Jo Washington in connection with the Negligence Lawsuit, and that Mr. Chestnut and the Chestnut Firm would honor Linda Jo Washington's Authorization, and further agreed to pay Petitioner its interest from the proceeds of the Negligence Claim.

17. Petitioner paid the purchase price of $36,567.00, less the administrative fee of $4,987.00 to Linda Jo Washington in the connection with the sale of her interest.

18. Linda Jo Washington settled the Negligence Lawsuit and received $144,767.58, but only paid $50,000.00 to Petitioner by check dated April 7, 2016 from the Chestnut Firm's IOLTA account.

19. Pursuant to the Disclosure Table in the Purchase Agreement, the amount of Petitioner's interest due to after January 26, 2012 was $140,111.00.

20. Petitioner made a Demand for Arbitration (the "**Arbitration Demand**") with The Dispute Resolution Institute seeking to enforce its agreements with Respondents and Linda Jo Washington.

21. On or about October 5, 2016, the matter was heard by the arbitrator appointed by The Dispute Resolution Institute, Judge Sandra Mazer Mos (Retired) (the "**Arbitrator**").

22. On or about October 6, 2016, the Arbitrator issued Mixed Findings of Fact and Conclusions of Law (the "**Decision**"), which found, among other things, that the Parties had agreed to submit the dispute to arbitration, that Respondents were served with the Arbitration Demand, and that Respondents had failed to respond to the Arbitration Demand, and that Petitioner was entitled to damages in the amount of $94,611.00.  A true and correct copy of the Decision is attached as **Exhibit A**.

23. On the same date, the Arbitrator also issued a separate Arbitration Award in favor of Petitioner for $94,611.00.  A true and correct copy of the Arbitration Award is attached as **Exhibit B**.

24. Petitioner retained undersigned counsel in this action, and incurred legal fees in connection with this action.

25. Pursuant to 9 U.S.C. § 9, Petitioner now seeks confirmation of the Arbitration Award.

26. Petitioner requests that the Court enter an order confirming the Arbitration Award, determining that Petitioner is entitled to damages of $94,611.00 and any attorney's fees awarded

by this Court, and requiring Mr. Chestnut to execute a closing statement releasing any disputed funds to Petitioner.

27. Petitioner also requests that the Court enter a money judgment in favor of Petitioner and against Respondents.

28. Petitioner also requests an award of attorney's fees and costs pursuant to the terms of the Purchase Agreement and Acknowledgement of Authorization for fees, expenses, and costs incurred in connection with this action.

### PETITIONER'S REQUEST FOR RELIEF

WHEREFORE, Petitioner respectfully requests that the Court grant the following relief: (i) enter an order confirming the Arbitration Award, (ii) award Petitioner its legal fees, expenses, and costs incurred in connection with this action; (iii) enter a money judgment against Respondents, and (iii) grant such other relief as justice may require.

Dated: February 17, 2017         Respectfully submitted,

**MOCKLER DORSETT, P.A.**

*/s/ Richard J. Mockler*
Richard J. Mockler
Fla. Bar No. 563986
600 N. Willow Ave., Suite 101
Tampa, FL 33606
Telephone: (813) 331-5699
Email: richard@mocklerlaw.com

**LEAD COUNSEL FOR PETITIONER,
US CLAIMS OPCO, LLC**

5