UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

US CLAIMS OPCO, LLC,
d/b/a US CLAIMS,

        CASE NO.: 3:17-cv-000060-HLA-PDB

    Petitioner,

vs.

CHRISTOPHER T. CHESTNUT,
THE CHESTNUT FIRM, LLC,

    Respondents.
_____/

**MOTION TO DISMISS PETITION, TO DENY CONFIRMATION OF ARBITRATION AWARD, TO FIND ARBITRATION AWARD INVALID *AB INITIO*, AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Federal Rule of Civil Procedure 12(b)(1) and Rule 3.01, Local Rules of the United States District Court for the Middle District of Florida, Christopher T. Chestnut and The Chestnut Firm, LLC (collectively, "Respondents"), file this Motion to Dismiss Petition, to Deny Confirmation of Arbitration Award, to Find Arbitration Award Invalid *Ab Initio*, and supporting memorandum of law, as to the Amended Petition to Confirm Arbitration Award, For Entry of Final Judgment, and For Related Relief.

In support of this Motion, Respondents show the Court as follows:

**MOTION TO DISMISS**

1. On or about October 26, 2012, Petitioner and Linda Jo Washington ("Ms. Washington"), a client of The Chestnut Firm, LLC, entered into a purchase agreement (the "Agreement").

2. The Agreement contains an arbitration provision between Petitioner and Ms. Washington (the "Arbitration Provision").

3. Respondents were not signatories to the Agreement and did not consent to be bound by the Agreement or its Arbitration Provision. Nevertheless, an arbitration award was improperly entered against Respondents on October 6, 2016 (the "Arbitration Award").

4. On February 17, 2017, Petitioner filed its Amended Petition to Confirm the Arbitration Award ("Petition"). *See* Dkt. at 5.

5. According to the Petition, it was filed pursuant to 9 U.S.C. § 9 of the Federal Arbitration Act ("FAA").

6. While not agreeing or conceding the FAA applies here, the FAA requires a written agreement to arbitrate and that it be attached to the Petition. *See 9 U.S.C. §§ 2, 4, and 13(a).*

7. No such agreement to arbitrate exists between Petitoner and Respondents, no basis or theory exists to require a non-signatory (Respondents) to arbitrate with Petitioner, and no agreement was attached to the Petition.

8. Moreover, Respondents did not participate in the arbitration proceeding ("Arbitration") that allegedly occurred on October 6, 2016.

9. Because there was no agreement to arbitrate, Respondents did not participate in the Arbitration, and Petitioner did not follow the arbitration procedure in the Agreement, the time limits set forth in 9 U.S.C. § 12 for vacation, modification, or correction of the Arbitration Award do not prevent Respondents from challenging the Arbitration Award with this Court.

10. Assuming *arguendo* the FAA applies here, which is does not, the Arbitration Award should be declared invalid *ab initio* because the language of the Arbitration Provision, which Respondents did not agree to, provides that the required forum for arbitration is the American Arbitration Association ("AAA"), whereas the Arbitration was conducted before the Dispute Resolution Institute ("DRI").

11. As a result, and as set forth more fully in Respondent's Memorandum of Law, the Arbitration Award should be declared invalid *ab initio*, confirmation of the Arbitration Award should be denied, and the Petition should be dismissed with prejudice.

WHEREFORE, Respondents respectfully request that this Court declare the Arbitration Award invalid *ab initio*, deny confirmation of the Arbitration Award, dismiss the Petition with prejudice, and grant such other and further relief as is just and proper.

## MEMORANDUM OF LAW

### PROCEDURAL AND FACTUAL BACKGROUND

According to the Petition, the Arbitration occurred on October 6, 2016. Respondents did not participate in the Arbitration. Nevertheless, the arbitrator improperly entered the Arbitration Award against Respondents.

Respondent, The Chestnut Firm, LLC, represented Ms. Washington in a wrongful death action in Mississippi, as a result of the death of her son.  Ms. Washington entered into the Agreement with Petitioner on or about October 26, 2012, and agreed to sell and assign to Petitoner the proceeds of any verdict she obtained in that wrongful death suit. A copy of the Agreement is attached as **Exhibit A**. The only signatories to the Agreement were Ms. Washington and Petitioner. While the Agreement contains the Arbitration Provision between Petitioner and Ms. Washington, Respondents were not parties or signatories to that Agreement, nor did they agree to arbitrate any claims or be bound by any arbitration award arising out of that Agreement.

Ms. Washington also signed an Authorization for Attorney to Pay US Claims From Proceeds of Claim (the "Authorization by Washington").  *See* Exhibit A.  Mr. Chestnut, on behalf of The Chestnut Firm, LLC, signed an Acknowledgement of Authorization, dated October 26, 2012 (the "Acknowledgement of Authorization"). *See* Exhibit A.  The Acknowledgement of Authorization says nothing about arbitration of any claims, nor does it bind Respondents to the Arbitration Provision contained in the Agreement, nor does it provide that Respondents are bound by the Arbitration Award. *See* Exhibit A.

The Arbitration Provision clearly states any requirement to arbitrate is solely between Petitioner and Ms. Washington, and provides:

> *USC [PETITIONER]* AND *I [MS. WASHINGTON]* ACKNOWLEDGE AND AGREE THAT ALL DISPUTES, CLAIMS, DEFENSES OR CONTROVERSIES (WHETHER IN LAW OR IN EQUITY) ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE RELATIONSHIPS THAT RESULT FROM THIS AGREEMENT, INCLUDING BUT NOT LIMITED TO ANY DISPUTES, CLAIMS OR CONTROVERSIES INVOLVING

FEDERAL OR STATE STATUTORY CAUSES OF ACTION OR INJUNCTIVE RELIEF, ANY INVOLVING FEDERAL OR STATE ADMINISTRATIVE REMEDIES, ANY INVOLVING CONSUMER FRAUD AND ANY INVOLVING A CHALLENGE TO THE LEGALITY OF ANY PART OR ALL OF THIS AGREEMENT ("DISPUTES") SHALL BE RESOLVED THROUGH FINAL AND BINDING ARBITRATION UNDER THE COMMERCIAL ARBITRATION RULES ("RULES) OF THE **AMERICAN ARBITRATION ASSOCIATION ("AAA")**. THE ARBITRATION SHALL TAKE PLACE BEFORE A SINGLE ARBITRATOR TO BE CHOSEN BY AGREEMENT OF THE PARTIES, OR FAILING SUCH, IN ACCORDANCE WITH **AAA** RULES. THE ARBITRATION SHALL TAKE PLACE IN PHILADELPHIA, PENNSYLVANIA UNLESS THE PARTIES AGREE TO A DIFFERENT LOCATION. THE PARTIES AGREE THAT THIS ARBITRATION AGREEMENT IS MADE PURSUANT TO A TRANSACTION IN INTERSTATE COMMERCE AND, EXCEPT AS OTHERWISE EXPRESSLY PROVIDED HEREIN, SHALL BE GOVERNED BY THE FEDERAL ARBITRATION ACT, 9 U.S.C.§1 AND THE SUBSTANTIVE LAWS OF THE STATE OF NEW JERSEY SHALL BE APPLIED IN ALL EVENTS. JUDGMENT UPON THE AWARD RENDERED MAY BE ENTERED IN ANY COURT HAVING JURISDICTION. THE PARTIES ALSO AGREE THAT THE **AAA** OPTIONAL RULES FOR EMERGENCY MEASURES OF PROTECTION SHALL APPLY TO THE PROCEEDINGS.

THE *PARTY* WHO INITIATES ARBITRATION SHALL PAY THE INITIAL FILING FEE AND DEPOSIT REQUIRED BY THE **AAA**. IF *I [MS. WASHINGTON]* INITIATE AN ARBITRATION AND BELIEVE IN GOOD FAITH THAT *I [MS. WASHINGTON]* AM FINANCIALLY UNABLE TO PAY SUCH FILING FEES, FEES OF THE ARBITRATOR, AND OTHER ARBITRATION FEES, *I [MS. WASHINGTON]* MAY ASK THE **AAA** TO DEFER OR REDUCE SUCH FEES, PURSUANT TO THE **AAA** RULES. IF THE **AAA** DOES NOT DEFER OR REDUCE SUCH FEES SO THAT *I [MS. WASHINGTON]* CAN AFFORD THEM, *USC [PETITIONER]* MAY, UPON MY WRITTEN REQUEST, PAY THE FEES AND ANY OTHER COSTS OF ARBITRATION THAT *I [MS. WASHINGTON]* MAY DEMONSTRATE *I [MS. WASHINGTON]* AM UNABLE TO PAY AND THAT ARE OVER AND ABOVE THE AMOUNT OF FEES AND COSTS THAT *I [MS. WASHINGTON]* WOULD HAVE PAID IN A LEGAL CLAIM IN A FEDERAL DISTRICT COURT IN THE SAME JURISDICTION AS THE PLACE OF ARBITRATION. PAYMENT OF SUCH FEES AND COSTS BY *USC [PETITIONER]* IS SUBJECT TO ANY LATER ALLOCATION OF THE FEES AND COSTS BETWEEN *USC [PETITIONER]* AND *I [MS. WASHINGTON]* BY THE ARBITRATOR AS PROVIDED BELOW.

(Emphasis added.)

The above-referenced Arbitration Provision is clear – the only parties subject to and required to arbitrate claims arising out of the Agreement are Petitioner and Ms. Washington.  Indeed, the sole purpose of the Arbitration Provision was to resolve claims between Petitioner and Ms. Washington. The Arbitration Provision makes no mention of Respondents, nor does it bind Respondents to arbitrate with Petitioner. Since the Arbitraton Provision unambigiously limited its reach only to disputes between the signatories and not to a non-signatory, any claims by Petitioner against Respondents are outside the scope of the Arbitration Provision. *U.S. Sur. Co. v. Edgar,* 8:13-CV-1207-T-33TGW, 2013 WL 6332973 at *6 (M.D. Fla. Dec. 5, 2013). Nevertheless, the Arbitration Award was improperly entered against Respondents. Therefore, the Petition should be dismissed with prejudice.[1]

Further, even if Respondents agreed to arbitrate under the above-referenced Arbitration Provision, which they did not, the Arbitration Award is invalid *ab initio* because Arbitration was improperly held before the DRI, rather than before the AAA. The Arbitration Provision mandates AAA as the forum for resolution of disputes under the Agreement. Petitioner's unilateral decision to use DRI as the arbitrator did not conform to the Arbitration Provision. Thus, the Arbitration Award was not validly entered and is, therefore, invalid *ab initio*. *Bank of Am., N.A. (USA) v. Dahlquist*, 152 P.3d 718, 720 (Mont. 2007) (*citing MCI Telecommunications Corp. v. Exalon Indus., Inc.*, 138 F.3d 426, 430 (1st Cir. 1998)); *Citibank (S. Dakota) N.A. v. Dahlquist*, 152 P.3d 693, 695 (Mont. 2007) (*citing MCI*, 138 F.3d at 430).

---

[1] According to the Arbitration Award, Petitioner's decided to dismiss Ms. Washington from the Arbitration.

### A. The Petition Should Be Dismissed Because The Court Lacks Subject Matter Jurisdiction and the Arbitration Award is Invalid *Ab Initio*

Petitioner purportedly filed its Petition pursuant to 9 U.S.C. § 9 of the FAA.[2]  *See* Dkt. at 5.   Arbitration is "a matter of consent, not coercion." *U.S. Sur. Co.,* 2013 WL 6332973 at *5. The FAA requires that an arbitration agreement be in writing between the parties to ensure the parties have consented to arbitration. *MCI,* 138 F.3d at 429 (district court must first determine whether there is a written agreement to enforce an arbitration award); *see also Buczek v. Trans Union LLC*, 05-80834 CIV, 2006 WL 3666635 at *2 (S.D. Fla. Nov. 9, 2006) (where there is no agreement to arbitrate, actions of arbiter have no legal validity, arbitration award of no force and effect and may be disregarded). Under the FAA, where parties have not agreed to arbitrate claims, the arbitration award is invalid *ab initio. Bank of Am., N.A. (USA*, 152 P.3d at 720 (*citing MCI*, 138 F.3d at 430); *Citibank (S. Dakota) N.A.* 152 P.3d at 695 (*citing MCI*, 138 F.3d at 430). Because no written agreement to arbitrate exists between Petitioner and Respondents, Respondents never agreed to arbitrate claims with Petitioner, and Respondents did not participate in the Arbitration, this Court lacks jurisdiction to confirm the Arbitration Award against Respondents.  *See* 9 U.S.C. §§ 2, 4, and 13; *see also MCI, 138 F.3d* at 429; *Duplan Corp. (Duplan Yarn Div.) v. W. B. Davis Hosiery Mills, Inc.*, 442 F. Supp. 86, 87 (S.D.N.Y. 1977) (court lacked subject matter jurisdiction to confirm arbitration award, because jurisdiction under the FAA is based on the existence of a valid arbitration agreement).

---

[2] When Petitioner filed its Petition, it did not attach an arbitration agreement with Respondents (because none exists), as required by 9 U.S.C. §13(a). In moving to confirm the Arbitration Award, Petitioner was required to attach the Arbitration Agreement.  *See*  9 U.S.C. §13.

Even with notice of the Arbitration, Respondents are permitted to simply abstain from the Arbitration and challenge the validity of the Arbitration Award with this Court in this filing. *MCI,* 138 F. 3d at 430 (party contending it was not bound by a written agreement to arbitrate may abstain from participating in the arbitration proceeding and later challenge the arbitration award as a defense to a motion to confirm). Respondents were not required to move to vacate the Arbitration Award within the time limits of 9 U.S.C. §12. *Id.* (time limits of 9 U.S.C. §12 only apply to those bound to a written agreement to arbitrate.) Therefore, Respondents properly challenge the Arbitration Award and Petition with this Court, and this Court should dismiss the Petition with prejudice for lack of subject matter jurisdiction. *Id*. at 429; *see also 9 U.S.C. § 4* (requiring dismissal with finding of no written arbitration agreement).

### B. No Theory Exists To Bind a Non-Signatory [Respondents] to the Arbitration Provision.

"A court should be wary of imposing a contractual obligation to arbitrate on a non-contracting party." *Seth v. Rajagopalan*, 12-CIV-61040, 2013 WL 11927712 at *7 (S.D. Fla. Jan. 25, 2013). Here, Respondents did not sign any agreement to arbitrate with Petitioner, and the Petition and Arbitration Award articulate no reason why Respondents are bound by the Arbitration Provision. Petitioner bears the burden to show that an agreement to arbitrate exisits with Respondents, but Petitioner can make no such showing. *Seth*, 2013 WL 11927712 at *8 (party moving to compel arbitration bears initial burden of showing an agreement to arbitrate exists).

While there are instances where a non-signatory may be bound by an arbitration agreement, no such basis exists here.  When deciding if parties have agreed to arbitration,

this Court should apply the contract law of the state that governs the agreement. *Id*. at *5. Florida substantive law controls whether Petitioner may use an Arbitration Provision in the Agreement to force Respondent, a non-signatory, to arbitrate a dispute between them. *Kroma Makeup EU, LLC v. Boldface Licensing + Branding, Inc.*, 845 F.3d 1351, 1354 (11th Cir. 2017); *see also Shotts v. OP Winter Haven, Inc.*, 86 So. 3d 456, 464 (Fla. 2011) (state contract law governs issue of whether an arbitration clause is valid); *see also Seth,* 2013 WL 11927712 at *5-6 (Florida law governs under the facts presented).

Under Florida law, there are five theories that may bind a non-signatory to an arbitration agreement. *See World Rentals & Sales, LLC v. Volvo Const. Equip. Rents, Inc.*, 517 F.3d 1240, 1244 (11th Cir. 2008). The five theories are: (1) incorporation by reference; (2) assumption; (3) agency; (4) veil-piercing/alter-ego; and (5) estoppel. *Id*. None of those theories apply to Respondents.

As to the first theory (incorporation by reference), the Acknowledgment of Authorization does not incorporate by reference the Agreement or its Arbitration Provision. In order for incorporation by reference to apply, the Acknowledgement of Authorization must specifically refer to the Agreement containing the Arbitration Provision and expressly convey that the Respondents intended to be bound by the Agreement. The Acknowledgement contains no such language. *U.S. Sur. Co., 2013 WL 633297* at *5 (incorporation by reference requires that the contract specifically describe the document and express the parties' intent to be bound); *see also Grandis Family P'ship, Ltd. V. Hess Corp.,* 588 F. Supp. 2d 1319, 1323-1326 (S.D. Fla. 2008) (purchase orders containing an arbitration clause *not* incorporated by reference into contract when

9

they were vaguely, not specifically, referenced, and it was not made clear the purchase orders were incorporated by reference into the contract). The Acknowlegement of Authorization did not express any intent by Respondents to be bound by the Agreement or its Arbitration Provision. Moreover, the plain language of the Arbitration Provision shows it was only meant to resolve disputes between Petitioner and Ms. Washington.

As to the second theory (assumption), Respondents did not expressly or impliedly assume any obligation to arbitrate any claims in connection with the Agreement. *Howard Johnson Co., Inc. v. Detroit Local Joint Executive Bd., Hotel & Rest. Emp. & Bartenders Intern. Union, AFL-CIO*, 417 U.S. 249, 264 (1974) (courts should not compel arbitration where there is no express or implied assumption of the agreement to arbitrate). The Agreement was no more than an agreement by Ms. Washington to assign her rights to a personal injury verdict to Petitioner. That obligation was not assumed by Respondents.

As to the third theory (agency), Ms. Washington was simply a client of Respondent, The Chestnut Firm, LLC, was not an agent of the Respondents, and was not authorized to bind Respondents in any way. For agency theory to bind a non-signatory to an arbitration provision, the agent must have acted within the scope of the agency relationship when acting on behalf of the principal. *World Rental & Sales, LLC*, 517 F.3d at 1247-48. Here, Ms. Washington signed the Agreement on her own behalf and not on behalf of Respondents. The sole purpose of the Agreement was for Ms. Washington to sell and assign her rights to Petitioner for the recovery of any monies she obtained in her son's wrongful death lawsuit.

As to the fouth theory (veil piercing/alter ego), that theory is equally inapplicable. *See Id.* at 1248 (prior to compelling a non-signatory to arbitrate under the FAA, a district court must first resolve whether the applicable veil-piercing tests have been met); *see also Thomson-CSF, S.A. v. Am. Arbitration Ass'n*, 64 F.3d 773, 777 (2d Cir. 1995) (refusing to compel arbitration because the moving party failed to present sufficient facts in support of its veil-piercing argument). Petitioner has not and cannot show that this theory applies to Respondents. The only relationship between the signatory of the Agreement (Ms. Washington) and Respondents was that of client and her attorney, respectively.

Finally, the fifth theory (equitable estoppel) is not applicable. Federal courts have been slow to estop a non-signatory who seeks to avoid arbitration. *Seth*, 2013 WL 11927712 at *7 (estoppel limited to when a non-signatory to a contract embraces the contract, but then later, during litigation, repudiates the contract's arbitration provision); *See also Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH*, 206 F.3d 411, 418 (4th Cir. 2000) (equitable estoppel applies to bind a non-signatory where the non-signatory claimed a benefit of the contract, while, at the same time, attempted to avoid its burdens.) Here, Respondents obtained or claimed no benefit from the Agreement. Indeed, equity dictates the Petition be dismissed with prejudice, as it would be inequitable for the Arbitration Award to be confirmed against Respondents when they did not obtain any benefit from the Agreement between Petitioner and Ms. Washington, did not enter into any agreement to arbitrate with Petitioner, and did not participate in the Arbitration. Due

to the foregoing, none of the five theories exists to bind a non-signatory (Respondents) to the Arbitration Provision, and the Petition should be dismissed with prejudice.

### C. The Arbitration Award is Invalid *Ab Initio* Because the Arbitration was Conducted Before an Improper Arbitrator

Respondents dispute they are bound by the Arbitration Provision or the Agreement. Nevertheless, the Arbitration Provision requires AAA as the forum for dispute resolution. Petitioner unilateraly and improperly selected and utilized DRI as arbitrator. Even if Respondents had agreed to the Arbitration Provision, which they did not, the Arbitration Award is invalid *ab initio*, because the Arbitration was not conducted before the arbitrator required in the Arbitration Provision. *See Bank of Am., N.A. (USA)* 152 P.3d at 720-722 (if an arbitration does not follow the form determined by the arbitration agreement, including failing to use the arbitrator specified by the arbitration agreement, arbitration award invalid *ab initio*); *see also Citibank (South Dakota) N.A.* 152 P. 3d at 694-695 (when arbitrator used is not one listed in the arbitration agreement, arbitration award is invalid *ab initio*). Even though Respondents are not bound by the Arbitration Provision, Petitioner's decision to Conduct the Arbitration before the DRI did not conform to the Arbitration Provision, therefore, the Arbitration Award is invalid *ab initio*. *See Bank of Am., N.A. (USA)* 152 P.3d at 720-722; *see also Citibank (South Dakota) N.A.* 152 P. 3d at 694-695.

### CONCLUSION

Based on the foregoing, Respondents respectfully request that the Court dismiss the Petition with prejudice, deny confirmation of the Arbitration Award entered against

them, declare the Arbitration Award invalid *ab initio*, and grant such other and further relief as the Court deems just and proper.

**JIMERSON & COBB, P.A.**

By: */s/ James O. Birr, III*
James O. Birr, III
Florida Bar No. 0361460
jbirr@jimersoncobb.com
Suzanne H. Clark
Florida Bar No. 0594091
sclark@jimersoncobb.com
One Independent Drive
Suite 1400
Jacksonville, FL 32202
Telephone: (904) 389-0050
Facsimile: (904) 212-1269
fileclerk@jimersoncobb.com
*Attorneys for Respondents*

## CERTIFICATE OF SERVICE

I CERTIFY that on the 10th day of July 2017, the foregoing document was filed with the Clerk of Court via the CM/ECF system, causing it to be served on Petitioner's counsel of record.

*/s/ James O. Birr, III*
Attorney

13